# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **RACHEL A. MULLINS,** | CASE NO. 3:20 CV 747 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

Plaintiff Rachel A. Mullins seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Kathleen B. Burke for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Burke recommends this Court affirm the Commissioner's final decision. (Doc. 21). Plaintiff filed objections to the R&R (Doc. 22), and the Commissioner filed a response thereto (Doc. 23). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed applications for disability insurance benefits and supplemental security income in November and December 2016, alleging a disability onset date of October 22, 2016. (Tr. 187-90). Her claims were denied initially and upon reconsideration. (Tr. 129-35). Plaintiff (represented by counsel), and a vocational expert ("VE") testified at a hearing before an administrative law judge ("ALJ") on October 20, 2018. (Tr. 30-57). On November 28, 2018, the ALJ found Plaintiff not disabled in a written decision. (Tr. 12-22). The Appeals Council denied

Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 1-3). Plaintiff timely filed the instant action on April 6, 2020. (Doc. 1).

To Judge Burke, Plaintiff challenged the ALJ's treatment of the state agency reviewing psychologists' opinions. She argued the ALJ erred because: 1) he failed to discuss these opinions when assessing her RFC, and 2) his RFC did not account for all limitations contained in those opinions.

In her R&R, Judge Burke found no reversible error. She concluded that, although the ALJ did not discuss these opinions when formulating the RFC, "it is clear that the ALJ relied on their opinions because he adopted them in his RFC assessment." (Doc. 21, at 9). She further explained the ALJ was not required to include the state agency reviewing physician opinions verbatim, and that the ALJ's decision sufficiently explained the restrictions included in the RFC. She therefore recommends the Court affirm the Commissioner's decision. *See* Doc. 21.

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[1]

Plaintiff raises a single objection to the R&R: that the ALJ failed to account for the limitations opined by the state agency psychologists. She asserts Judge Burke erred in finding the ALJ's analysis of the state agency reviewing psychologists' opinions was sufficient, and incorrectly determined the RFC's limitation to "occasional" interaction with coworkers and the public sufficiently accounted for the state agency psychologists' opinions that Plaintiff could have "occ[asional] interaction with the general public, no crowds." (Tr. 68, 99). For the following reasons, the Court overrules Plaintiff's objections, adopts Judge Burke's R&R, and affirms the Commissioner's decision.

The Social Security regulations require an ALJ to consider every medical opinion he receives. 20 C.F.R. §§ 404.1527(c), 416.927(c) ("[W]e will evaluate every medical opinion we receive."). The ALJ in this case discussed the state agency psychologist opinions at Step Three of his evaluation when determining whether Plaintiff's mental impairments met or equaled a listed impairment:

> In the psychiatric review, the state agency psychological consultants opined that the claimant had a mild limitation in understanding, remembering, or applying information, moderate limitations interacting with others, a mild limitation concentrating persisting, or maintaining pace, and a moderate limitation adapting

---

1. Neither party objects Judge Burke's summary of the testimony and evidence in this case. Because the Court incorporates the R&R into this Opinion, it need not repeat this background, which was thoroughly described by Judge Burke.

> or managing oneself. (Exhibits 1A-2A, 5A & 7A). I have given these opinions great weight because they are consistent with the medical evidence.

(Tr. 17). Plaintiff correctly points out the ALJ did not again specifically mention the state agency psychological opinions at Step Four in formulating Plaintiff's RFC. *See* Tr. 17-20. However, the Court disagrees with Plaintiff's statement that "[t]here is no evidence that the ALJ weighed the state agency psychologists' actual opinions." (Doc. 22, at 3).

The stage agency psychologists both opined Plaintiff was "[l]imited to occ[asional] interaction with the general public, no crowds", "[c]apable of typical workplace interactions with co-workers and supervisors"; and that she could "adapt to a setting in which duties are routine and predictable", but "[s]ignificant changes in job duty should be explained in advance to allow for adequate adjustment." (Tr. 68-69, 99). The ALJ's mental RFC limited Plaintiff to "no more than occasional changes in the workplace tasks and setting, and any changes should be well explained in advance" and "occasional contact with co-workers and members of the public." (Tr. 17). The similarities between the opinion evidence (the only opinion evidence in the record that provides specific limitations) and the RFC – in addition to the ALJ's express statement that he "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927" – are sufficient to satisfy this Court that the ALJ fulfilled his duty to "evaluate every medical opinion", despite not expressly discussing these opinions at Step Four. 20 C.F.R. §§ 404.1527(c), 416.927(c).

Plaintiff further argues the ALJ erred by not including in the RFC the state agency psychologists' opinions regarding "no crowds" and that Judge Burke incorrectly determined that the RFC's limitation to "occasional" interaction with the public and co-workers encompassed the crowd limitation. (Doc. 22, at 3-4) (explaining that occasional "deals with the frequency one can interact with others" and that "no crowds" addresses "the number of people one can be around at any given time"). However, as Judge Burke explained:

4

> [H]ere the state agency reviewers . . . limited [Plaintiff] to occasional contact with the public, no crowds. Under the ALJ's RFC [limiting Plaintiff to occasional interaction with co-workers and the public], [Plaintiff] would potentially interact with crowds only occasionally, or 1/3, of the time. Thus, the ALJ's RFC takes into account a limitation regarding crowds.

(Doc. 21, at 10-11). The Court finds no error for the following reasons.

First, the RFC is the province of the ALJ, not a specific physician, and the ALJ must formulate the RFC based on all the evidence in the record. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) (the ALJ "is not required to recite the medical opinion of a physician verbatim in his [RFC] finding").

Second, "[e]ven where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale." *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (finding no error where ALJ limited the claimant to occasional interaction when state agency psychologists found Plaintiff "moderately limited in his ability to interact appropriately with the public and . . . able to relate to a few familiar others on a superficial basis" and stating the ALJ's RFC was "not inconsistent with either of the state agency psychologists' opinions") (internal quotation omitted).

Third, even if the "no crowds" limitation is not fully encompassed by the ALJ's RFC, an ALJ is not required to explain his reasons for declining to include certain limitations in a state agency reviewing psychologist opinion. *Martin v. Comm'r of Soc. Sec.*, 658 F. App'x 255, 259 (6th Cir. 2016) ("Martin protests the ALJ's lack of explanation as to why Martin's marked impairment in interacting with the general public—as found by Dr. Joslin—and his moderate to marked impairment in his ability to sustain concentration—as found by Dr. Rutledge—were not

5

explicitly incorporated into Martin's RFC. But because Dr. Rutledge and Dr. Joslin are non-treating sources, the reasons-giving requirement is inapplicable to their opinions."); *Smith v. Comm'r of Soc. Sec.*, 2013 WL 1150133, at *11 (N.D. Ohio) ("Simply put, there is no legal requirement for an ALJ to explain each limitation or restriction he adopts or, conversely, does not adopt from a non-examining physician's opinion, even when it is given significant weight."), *aff'd* Case No. 13-3578 (6th Cir. Jan. 30, 2014) ("While Smith contends otherwise, there is no requirement that an ALJ adopt the entirety of a state expert opinion, even if affording it significant weight, or that the ALJ provide an explanation for why certain limitations proposed by the expert were not incorporated into his residual functional capacity assessment.").

Fourth and finally, as Judge Burke explained, the ALJ adequately explained elsewhere in his opinion the basis for finding Plaintiff's mental health impairments not completely disabling. *See* Doc. 21, at 11. The ALJ cited Plaintiff's testimony and statements to the consultative examiner that she did not receive specialized mental health treatment (Tr. 16, 18, 20); she took Xanax for anxiety and panic attacks that occurred a couple of times per month (Tr. 16, 18); evidence pre-dating the applicable period showed Plaintiff began using Xanax in 2007 and in 2008 and 2012 she reported using it only twice per month (Tr. 18); Plaintiff told her primary care provider in December 2016 that Xanax controlled her panic attacks (Tr. 19); and Plaintiff reported getting along with coworkers and others in the past (Tr. 16, 20).[2] This Court agrees with Judge Burke's assessment that "[t]he evidence cited by the ALJ is sufficient to support his finding that Mullins can have occasional contact with the public and coworkers." (Doc. 21, at 11-12). That is, the ALJ supported his mental RFC determination with substantial record evidence.

---

2. As Judge Burke noted, Plaintiff did not challenge the ALJ's recitation of the evidence. (Doc. 21, at 11).

Having concluded the ALJ followed the relevant legal standards and supported his conclusions with substantial evidence, this Court must affirm. *See Walters*, 127 F.3d at 528. Would it have been preferable for the ALJ to (1) discuss and explain his consideration of the state agency psychologists opinions at Step Four, and (2) expressly discuss his consideration of the "no crowds" limitation opined by the state agency psychologists? Perhaps. But "judicial review does not contemplate a quest for administrative perfection". *Hill v. Astrue*, 2013 WL 3293657, at *4 (W.D. Ky.) (citing *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)). Here, the ALJ complied with the relevant regulations and supported his RFC determination with substantial evidence. This is all that is required.

## Conclusion

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Burke's R&R (Doc. 21) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

       s/ *James R. Knepp II*
       UNITED STATES DISTRICT JUDGE